UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED WINDOW & DOOR MFG., INC., | Civil Action No. 19-6819 (JXN) (JBC) |
| Plaintiff, | OPINION |
| v. |  |
| DECEUNINCK NORTH AMERICA LLC, Defendant. |  |

**NEALS**, District Judge:

**THIS MATTER** comes before the Court on an appeal from Magistrate Judge James B. Clark, III's February 22, 2022 Letter Order [ECF No. 73] denying the request of Plaintiff United Window & Door Mfg., Inc. ("Plaintiff" or "United") for the entry of an order changing the designation of a document provided by Defendant Deceuninck North America, LLC ("Defendant" or "DNA") from "Attorneys Eyes Only" ("AEO") to "Confidential" [ECF No. 57]. The Court reviewed all submissions and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons discussed herein, Judge Clark's Order [ECF No. 73] is **AFFIRMED** and Plaintiff's appeal [ECF No. 76] is **DENIED**.

I.   **BACKGROUND**

The Court assumes the parties' familiarity with the factual background and procedural history in this matter and summarizes only those facts necessary to decide the instant appeal.[1] On January 16, 2019, United filed its Complaint in this matter in the Superior Court of New Jersey,

---

[1] For a fuller recitation of the facts, please see the Order at ECF No. 73.

Union County, Chancery Division.  *See* Complaint, ECF No. 1-1 at 7.  United's Complaint asserts three causes of action against DNA for: (1) breach of contract; (2) a permanent injunction prohibiting DNA from ceasing sales or shipments of its products to United for a period of time; and (3) breach of the duty of good faith and fair dealing.  *Id*.  On February 25, 2019, DNA removed the case to this Court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332.  *See* ECF No. 1, Notice of Removal.  On March 4, 2019, DNA filed an Answer and asserted a counterclaim for breach of contract.  *See* ECF No. 4.

On July 15, 2019, the parties submitted a joint proposed Discovery Confidentiality Order [ECF No. 13], which was entered by the Court on July 16, 2019 [ECF No. 14] (the "DCO").  Under the DCO, a producing party may designate certain documents and information as "Confidential" when the information sought to be designated contains: (a) trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; (b) private or confidential personal information; (c) information received in confidence from third parties; or (d) which the producing party otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G) or Local Civil Rule 5.3.  DCO ¶ 1.  For documents and information containing "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party," the producing party may designate such documents and information as AEO.  *Id.* ¶ 2.

In June 2021, DNA advised the Court of a dispute between the parties regarding DNA's AEO designation of a document produced in discovery.  *See* ECF No. 49.  That document, which is Bates stamped DNA00008509 (the "Document"), was produced by DNA in response to United's request for documents and information that DNA relied on to prepare the report of its witness on

damages. ECF No. 57-2, Affidavit of Laurence B. Orloff, Esq. at Exhibit D. After failing to resolve their dispute regarding the Document's AEO designation informally, the Court granted United leave to file the present motion seeking a redesignation of the Document from AEO to Confidential.

On February 22, 2022, Judge Clark issued an Order in favor of DNA, upholding the AEO designation of the Document. *See* Order, ECF No. 73. In so doing, Judge Clark determined that DNA had shown good cause to maintain the AEO designation. *Id.* at 11. Specifically, Judge Clark determined that the potential harm to DNA, the possible disclosure of private and sensitive financial information to competitors, outweighed United's purported need to view the Document. *Id.* at 9-10. United timely appealed the Order, contending that the Order is both contrary to law and clearly erroneous. ECF No. 76-2 at 4. [2] DNA opposes Plaintiff's motion. ECF No. 78. This matter is now ripe for the Court to decide.

## II.   STANDARD OF REVIEW

Magistrate judges may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A district court may reverse a magistrate judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co. of Wis.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet

---

[2] For the sake of clarity, unless otherwise noted, all references to page numbers correspond to the page numbers generated by the ECF system.

the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

### III. DISCUSSION

#### A. The Order was not Contrary to Law

United argues that Judge Clark's Order was contrary to law for two reasons: (1) the Order did not place the burden on DNA to justify the AEO designation; and (2) the Order improperly applied the *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) factors. ECF No. 76-2 at 5. The Court will consider each argument in turn.

United Contends that although it filed the motion at issue, DNA had the burden to show that the Document warranted the AEO designation. *Id.* at 12. According to United, "[t]he burden of sustaining the initial designation of a document pursuant to a protective or confidentiality order is and remains at all times upon the party initiating the designation." *Id.* (citing cases). United argues that "the Order effectively placed the burden on United to show why it needed re-designation of the Document." *Id.* United also takes issue with the Order because it claims that Judge Clark accepted DNA's representation that Nicolas Derrico and Howard Rose, United's principals, might be likely to violate the Court's Confidentiality Order, while disregarding United's submission that Plaintiff's counsel needed to discuss the Document with Messrs. Derrico and Rose who have "extensive knowledge of their business and that of their suppliers." *Id.* at 13.

In response, DNA argues that United did not object to Judge Clark's instruction that United be the moving party and that United fails to point to any aspect of the Order that places the burden on United. ECF No. 78 at 11. More specifically, DNA argues that "United puts forth no argument

4

and points to no fact showing that the Court's conclusion that DNA properly designated the Document as AEO was 'completely devoid of minimum evidentiary support' or that it 'bears no rational relationship to the supportive evidentiary data.'" *Id.* at 12 (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1302). The Court agrees.

As an initial matter, Judge Clark did not improperly shift the burden from DNA to justify the AEO designation to United to justify re-designation. In fact, Judge Clark carefully reviewed the parties' submissions and determined that DNA was justified in designating the Document AEO. In so doing, Judge Clark noted that DNA was particularly concerned about the disclosure of the data in the Document to United's Chief Financial Officer, Howard Rose, and Vice President, Nicolas Derrico, because of the possibility of that data, inadvertently or otherwise, ending up in the hands of Vision, which is United's current PVC supplier and one of DNA's primary competitors. *Id.* at 4. Judge Clark further noted that if "Vision, or any of DNA's other competitors, obtained the information contained in the Document, they would have a 'roadmap of DNA's cost structure, pricing conventions, and related margins' and could obtain an unfair advantage over DNA by 'leverag[ing] this information to compete with DNA's existing and prospective customers . . . .'" *Id.* As a result, Judge Clark held that the injury that might result from the Confidential designation of the Document outweighs United's need for redesignation. Thus, it is evident that Judge Clark determined that DNA carried its burden of justifying the original AEO designation, and then weighed that against United's interest in redesignation.

United also contends that Judge Clark improperly applied the *Pansy* factors. More specifically, United contends that "[b]y mechanically listing each of the seven Pansy factors and ignoring that some simply do not apply, the Order made it appear that those factors favor maintaining the status quo." ECF No. 76-2 at 15. United further contends that "the Order was

contrary to *Pansy* by failing to recognize that the role of those factors is simply to aid district courts in balancing 'the requesting party's need for information against the injury that might result if … disclosure is compelled. When the risk of harm…outweighs the need for discovery, disclosure…cannot be compelled, **but this is an infrequent result**.'" *Id.* (citing *Pansy*, 23 F.3d at 787) (emphasis in original). As a result, United contends that the "Order clearly came to the wrong outcome based on the factual evidence presented." *Id.* The Court disagrees.

Contrary to United's assertions, Judge Clark properly applied the *Pansy* factors. The Order explicitly recognized that the *Pansy* factors are to assist a court in determining whether good cause exists to restrict disclosure. ECF No. 73 at 6. Judge Clark properly noted the limited value of the *Pansy* factors and recognized that the true task is balancing "the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Id.* (citing *Pansy*, 23 F.3d at 787). Thus, contrary to United's contention that Judge Clark "mechanically" applied the *Pansy* factors, Judge Clark applied *Pansy* correctly—and in the very way United contends it should be applied. After properly considering the *Pansy* factors, Judge Clark appropriately weighed the potential harm to DNA against United's need for the information. ECF No. 73. Accordingly, the Court finds that Judge Clark's Order was not contrary to law.

## B. The Order was not Clearly Erroneous

United argues that the Magistrate Judge's Order was clearly erroneous because: (1) the Order erroneously found that DNA demonstrated harm sufficient to prevent redesignation; and (2) fairness and efficiency support redesignation of the document. As noted above, a ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd.*, 131 F.R.D. at 65. "A district judge's simple disagreement with the magistrate judge's

findings is insufficient to meet the clearly erroneous standard of review." *Andrews*, 191 F.R.D. at 68.

As discussed *supra*, Judge Clark carefully reviewed the parties' submissions and determined that DNA was justified in designating the Document AEO. In so doing, Judge Clark held that the injury that might result from the Confidential designation of the Document outweighs United's need for redesignation. Judge Clark's decision is fully supported by the factual record, which is cited throughout the Order. *See generally* ECF No. 73. Plaintiff's arguments on appeal do not demonstrate that Judge Clark's Order was clearly erroneous. As a result, this Court cannot say that it is "left with the definite and firm conviction that a mistake has been committed." *See Dome Petroleum Ltd.*, 131 F.R.D. at 65. Accordingly, United has failed to satisfy its burden of demonstrating that the Order was clearly erroneous.

## IV. CONCLUSION

For the foregoing reasons, Judge Clark's Order [ECF No. 73] is **AFFIRMED** and Plaintiff's appeal [ECF No. 76] is **DENIED**. An appropriate Order accompanies this Opinion.


DATED: December 27, 2022

s/ Julien Xavier Neals
JULIEN XAVIER NEALS
United States District Judge